UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew Pickens, ) | Civil Action No.: 8:22-cv-00500-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S.C. Dept. of Probation, Parole, and ) | |
| Pardon Services ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff Matthew Pickens's objections to the Report and Recommendation ("R & R") of United States Magistrate Jacquelyn D. Austin, who recommends summarily dismissing this action without issuance and service of process.[1] *See* ECF No. 9 & 15.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Background

In September 1988, when Plaintiff was seventeen, he was sentenced to life imprisonment for first degree burglary and thirty years of imprisonment for first degree criminal sexual conduct to be served consecutively. *See* ECF No. 1 at p. 8. In 2002, Plaintiff was released from prison on parole, but his parole was revoked in 2006 following a conviction for check fraud and obtaining goods by false pretenses. *Id*. Plaintiff filed a motion for re-sentencing on September 11, 2015, and following a hearing, that motion was dismissed on August 3, 2017. *Id*. at p. 9. When this action was filed Plaintiff had received seven parole hearings since the revocation of his parole. *Id*. Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, arguing his juvenile life sentence is the functional equivalent to life imprisonment without the possibility of parole. *Id*. For relief, Plaintiff requests resentencing that considers the hallmark of his youth. *Id*. at 10. Liberally construing Plaintiff's complaint, he also seeks to have his youth at the time of the offense considered by Defendant in parole proceedings. *Id*. at 4.

## Discussion

Plaintiff is a state prisoner who alleges Defendant, South Carolina Department of Probation,

Pardon, and Parole Services ("SCDPPPS") (1) violated his constitutional right to be free from cruel and unusual punishment in violation of the Eighth Amendment and (2) has denied his due process rights in violation of the Fourteenth Amendment by depriving him of a meaningful opportunity to obtain release.  *See* ECF No. 1.  The Magistrate Judge recommends summarily dismissing Plaintiff's Complaint because (1) Plaintiff's action is duplicative of at least two other cases previously filed by Plaintiff in this Court, (2) Defendant is entitled to dismissal because SCDPPPS is not a "person" subject to suit under 42 U.S.C. § 1983, and (3) Plaintiff is not entitled to the relief sought because release from custody is not an available remedy in a civil rights action.  *See* ECF No. 9.  Plaintiff filed objections to the R & R.  *See* ECF No. 15.

## Discussion

Plaintiff objects to the R & R arguing this action is not duplicative of the following cases cited in the R & R: *Pickens v. S.C. Dep't of Prob., Parole & Pardon Servs.*, No: 2:09-cv-2127-RBH and *Pickens v. Michael McCall, Warden*, No. 2:08-cv-3907-RBH.  *See* ECF No. 15 at p. 6–7; ECF No. 5 at p. 5–6.  This Court agrees.  The instant action was brought pursuant to § 1983, alleges Eighth and Fourteenth Amendment violations, and is based on Plaintiff's contention that the hallmark of youth should be considered.  Plaintiff's previous case against SCDPPPS argued SCDPPPS did not consider all relevant factors in making its parole decision, but that case was a petition for a writ of habeas corpus, was filed before the United States Supreme Court opinions dealing with sentencing juveniles,[2] did not mention the hallmark of youth, and did not raise an

---

[2]  *See Graham v. Florida*, 560 U.S. 48, 75 (2010) (barring life-without-parole sentences for nonhomicide juvenile offenders)*; Miller v. Alabama*, 567 U.S. 460 (2012) ("[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."); *Montgomery v. Louisiana*, 577 U.S. 190 (2016) (holding *Miller* applies retroactively and noting "*Miller* requires a sentencer to consider a juvenile offender's youth and attendant circumstances before determining that life without parole is a proportionate sentence.").

3

Eighth Amendment claim. *See Pickens v. S.C. Dep't of Prob. Parole & Pardon Servs.*, No: 2:09-cv-2127-RBH. Furthermore, that case was dismissed without prejudice for failure to exhaust administrative remedies and the merits of Plaintiff's claims were not adjudicated. *Id*. Plaintiff's case against Michael McCall challenged Plaintiff's 1988 and 2005 convictions, was brought as a petition for a writ of habeas corpus, and was filed before the aforementioned Supreme Court cases. *See Pickens v. Michael McCall, Warden*, No. 2:08-cv-3907-RBH. As such, this action is not duplicative of those actions. However, for the reasons explained herein, this action is still subject to summary dismissal.

Plaintiff objects to "the Magistrate Judge ... viewing his petition as if Plaintiff is either seeking federal habeas review of a claim or that Plaintiff is collateral attacking his conviction." ECF No. 15 at p. 5. However, the Magistrate Judge did not treat his petition as such, but found Plaintiff is not entitled to resentencing in a § 1983 action because habeas corpus is the exclusive remedy for such relief. *See* ECF No. 9 at pp. 7 & 9. Plaintiff's only objection to that finding is that *Heck v. Humphrey*,[3] does not apply. *See* ECF No. 15 at p. 9. This Court disagrees. To the extent Plaintiff is requesting resentencing,[4] he is challenging the "fact or duration of his confinement." *Heck*, 512 U.S. at 481. Thus, "habeas corpus is the exclusive remedy" and Plaintiff's request for

---

[3]     *Heck v. Humphrey*, 512 U.S. 477 (1994)

[4]     In Plaintiff's complaint, he requests judicial resentencing as relief. *See* ECF No. 1 at p. 10. In his objections to the R & R he indicates "he made a mistake in alleging he seeks to 'be resentenced.'" *See* ECF No. 15 at p. 5–6. However, his objections go on to argue that he should be resentenced. *See* ECF Nos. 15 and 15-2.

resentencing is not congnizable under § 1983.[5]  *See id.*[6]

Plaintiff contends the Magistrate Judge misconstrued his complaint because he is not requesting resentencing but is alleging SCDPPPS is violating his constitutional rights because SCDPPPS does not consider his youth at the time of his sentencing when he is considered for parole.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (noting a court reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) must liberally construe the allegations and "accept pleaded facts as true," but the complaint "still must contain enough facts to state a claim for relief that is plausible on its face" (internal quotation marks omitted)).  Plaintiff has not shown a violation of his constitutional rights.

The Fourth Circuit Court of Appeals has specifically declined to extend the Supreme Court's Eighth Amendment jurisprudence[7] (1) to juvenile offenders sentenced to life *with* parole and (2)

---

[5] This Court also notes that "[t]o the extent [Plaintiff] is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated." *Harris v. Miller*, 43 F.3d 1466 (4th Cir. 1994).  *See*, *e.g.*, *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (finding the plaintiff's civil claim for damages implied the invalidity of his parole revocation and subsequent incarceration and noting that *Heck* does not permit this).

[6] The Court also agrees with the Magistrate Judge's finding that to the extent Plaintiff seeks money damages, such a claim is barred by the *Heck* doctrine because Plaintiff's convictions and sentences have not been invalidated. *See* ECF No. 9 at pp. 7–8; *Heck*, 512 U.S. at 481 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")  Thus, Plaintiff's attempt to amend his complaint to add future monetary damages would be futile.  *See* ECF No. 15 at p. 4; *see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) ("[A] request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or *amendment would be futile*." (internal quotation marks omitted) (emphasis added)).

[7] *See* FN 2.

beyond sentencing proceedings. *Bowling v. Dir., Va. Dep't of Corr.*, 920 F.3d 192, 197 (4th Cir. 2019); *see id.* (Noting the protections from *Miller* and its lineage "have not yet reached a juvenile offender who has and will continue to receive parole consideration."). Plaintiff was sentenced to life *with* the possibility of parole, and he admits he has received multiple parole hearings.[8, 9] *See* ECF No. 1 at p. 9. Furthermore, this Court disagrees with Plaintiff's argument that he has been denied a meaningful opportunity for release. In *Graham*, the Supreme Court noted "[a] State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants . . . some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. South Carolina law provides the following related to circumstances warranting parole:

> The board must carefully consider the record of the prisoner before, during, and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the board: that the prisoner has shown a disposition for reform; that in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and that suitable employment has been secured for him.

S.C. Code Ann. § 24-21-640. The parole board also considers, among other factors, "the risk the inmate poses to the community;" "[t]he inmate's adjustment while in confinement, including his/her progress in counseling, therapy, and other similar programs designed to encourage the inmate to

---

[8] In *Bowling*, the Fourth Circuit cited cases from other circuits that apply juvenile-specific Eighth Amendment protections to sentences that amount to the practical equivalent of life without parole, such as when the juvenile would not become parole eligible until the same age as his life expectancy. 920 F.3d at 198. However, the court noted "those courts have only gone as far as to require parole boards to consider a juvenile's eligibility for parole within the juvenile's lifetime." *Id*. In the instant action, Plaintiff is already parole eligible and he has received multiple parole hearings. Thus any argument that his sentence is the equivalent to a sentence of life without parole is without merit.

[9] In fact, Plaintiff was previously released on parole.

6

improve himself/herself;" the inmate's attitude towards his offense, "[t]he inmate's prior criminal records and his/her adjustment under any previous programs or supervision;" "the inmate's physical, mental, and emotional health;" "[t]he inmate's understanding of the cause of his/her past criminal conduct;" and "[t]he inmate's efforts to solve his/her problems."  *See* SCDPPPS, *Criteria for Parole Consideration,* https://www.dppps.sc.gov/content/download/200476/4681336/file/Criteria+for+Parole+Consideration.pdf (last visited July 25, 2022).  These factors allow the parole board to fully consider any evidence demonstrating Plaintiff's maturation and rehabilitation such that Plaintiff has a meaningful opportunity to obtain release.

      Plaintiff has also failed to show a Fourteenth Amendment violation.  The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV, § 1.  "A prisoner must identify a cognizable liberty interest before he can demonstrate a denial of due process."  *Bowling*, 920 F.3d at 199.  "There exists 'no constitutional or inherent right' to parole proceedings."  *Id*. (quoting *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979)).  Because this Court finds "that juvenile-specific Eighth Amendment protections do not apply to [Plaintiff's] life with parole sentence, [this Court] need not decide whether the rights articulated in *Miller* and its lineage trigger liberty interests."  *Bowling*, 920 F.3d at 199.

      There is a state-created liberty interest in access to parole hearings in South Carolina, and to satisfy the due process requirements triggered by this liberty interest, "a parole board need only provide an offender an opportunity to be heard and a 'statement of reasons indicating . . . why parole has been denied.'"  *Bowling*, 920 F.3d at 200 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986)); *see also James v. S.C. Dep't of Prob., Parole & Pardon Servs*., 656 S.E.2d 399

(S.C. Ct. App. 2008) ("[A]n inmate has a liberty interest in gaining access to the parole board, although there is no protected right to parole.")  "[T]he Fourth Circuit has made it clear that only one constitutionally sufficient reason need be given for denial of parole, and that seriousness of the offense is sufficient as the sole reason." *Williamson v. Angelone*, 197 F.Supp. 2d 476, 479 (E.D. Va. 2001) (citing *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986)).  Plaintiff's parole proceedings and the parole board informing Plaintiff that his parole was denied due to the seriousness of the offense satisfy the due process requirements.  Accordingly, both Plaintiff's Fourteenth Amendment claim and his previously discussed Eighth Amendment claim are subject to summary dismissal.[10]

## Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 9] and **DISMISSES** this action *without prejudice* and without issuance and service of process.[11]

**IT IS SO ORDERED.**

Florence, South Carolina                          s/ R. Bryan Harwell
July 27, 2022                                     R. Bryan Harwell
                                                  Chief United States District Judge

---

[10]     Plaintiff does not object to the Magistrate Judge's finding that SCDPPPS is not a "person" under § 1983, but Plaintiff seeks to amend his complaint to add Governor Henry McMaster, Director Jerry B. Adger, and Associate Deputy Director of SCDPPPS Valerie Suber.  *See* ECF No. 15 at pp. 1 & 7.  However, because this Court finds summary dismissal is appropriate for the aforementioned reasons, such amendment would be futile.  *See Mayfield*, 674 F.3d at 379  ("[A] request to amend should only be denied if . . . *amendment would be futile*." (internal quotation marks omitted) (emphasis added))

[11]     Dismissal is without prejudice given *Heck*'s application. *See*, *e.g*., *Bowman v. Mann*, 683 F. App'x 258, 259 (4th Cir. 2017) (indicating a dismissal based on *Heck* should be without prejudice).

8